IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50774
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM RICH,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-93-CA-263
- - - - - - - - - - -
December 23, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

William Rich appeals the denial of his motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255.  Rich contends that his trial counsel was ineffective for failing to call two witnesses to testify at trial.  Rich has not shown that there is a reasonable probability that the outcome of his trial would have been different if these witnesses had testified and, therefore, has not shown that his trial counsel rendered

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance.  See Strickland v. Washington, 466 U.S. 668, 694, 697 (1984).

Rich also contends that his counsel on direct appeal was ineffective for failing to challenge the sufficiency of the corroboration of Rich's incriminatory statement.  Rich maintains that there was no independent evidence to corroborate his signed statement that he received more than $10,000 in illegal drug proceeds.  We find that the Government introduced sufficient independent evidence to bolster parts of Rich's statement and to establish the statement's trustworthiness.  See United States v. Abigando, 439 F.2d 827, 833 (5th Cir. 1971).  The corroborative evidence did not have to show that Rich received more than $10,000.  This element could be proved by Rich's statement alone.  See United States v. Micieli, 594 F.2d 102, 107-09 (5th Cir. 1979); Abigando, 439 F.2d at 831-33.  Rich has not shown that the outcome of his appeal would have been different if his appellate counsel had raised this issue and, therefore, has not shown that his appellate counsel rendered ineffective assistance.  See McCoy v. Lynaugh, 874 F.2d 954, 962-63 (5th Cir. 1989).

AFFIRMED.